UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO<br>1300 L Street, NW<br>Washington, DC 20005<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br>475 L'Enfant Plaza, SW<br>Washington, DC 20260,<br><br>Respondent | Civil Action No. |

## PETITION TO COMPEL ARBITRATION

### INTRODUCTION

1. This is a Petition to compel arbitration under a collective bargaining agreement. Petitioner is the American Postal Workers Union, AFL-CIO (hereinafter "APWU"). The APWU seeks to compel the Employer in this case, the United States Postal Service, to submit a dispute between the parties to final and binding arbitration under the terms of the parties' collective bargaining agreement.

2. The labor dispute in this case was heard and partially resolved by Arbitrator Joe H. Henderson, who issued decisions on March 26, 2007 (finding a violation of the collective bargaining agreement), and August 7, 2007 (concerning the remedy for the violations of the collective bargaining agreement). In each decision, the Arbitrator retained jurisdiction to resolve remaining disputes between the parties about the remedy

to be awarded.

3. As further described below in this Petition, the Employer is required to submit the parties' continuing dispute over the remedy to be awarded in this matter to Arbitrator Henderson, or to follow the procedures necessary to appeal an interpretative dispute to the parties' national-level dispute resolution procedure. The Employer failed to follow the procedures required to submit the dispute to arbitration at the national level, but nevertheless has failed to return the case to Arbitrator Henderson as required by the National Agreement.

4. The Union therefore seeks an Order from the Court requiring the Employer to return this dispute to Arbitrator Henderson.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 39 U.S.C. §§ 409(a) and 1208(b); and under 9 U.S.C. § 4; and 28 U.S.C. §§ 1331 and 1339.

6. Venue is proper pursuant to 39 U.S.C. § 1208(b), and 28 U.S.C. §1391(b) and (e); and under 9 U.S.C. § 4.

## PARTIES

7. Petitioner American Postal Workers Union, AFL-CIO (the APWU), is an unincorporated labor organization with its offices at 1300 L Street, N.W., Washington, D.C. 20005. Petitioner APWU is a party to three collective bargaining agreements with the Respondent United States Postal Service and represents, for purposes of collective bargaining, approximately 300,000 employees of the Respondent.

8. Respondent United States Postal Service (hereinafter "USPS", "Postal Service" or "the Employer") is, pursuant to 39 U.S.C. §201, "an independent

establishment of the executive branch of the Government of the United States... ." The headquarters of the Postal Service is at 475 L'Enfant Plaza, SW, Washington, DC 20260.

## STATEMENT OF FACTS

9. At all material times, Petitioner APWU and Respondent USPS have been parties to collective bargaining agreements providing the terms and conditions of employment of postal employees in the bargaining units represented by Petitioner APWU at Respondent USPS's various facilities. One of the parties' agreements, the National Agreement, applies to employees in several bargaining units: Maintenance Employees, Motor Vehicle Service Employees, Clerks, Mail Equipment Shop Employees, and Material Distribution Centers Employees.

10. The currently effective National Agreement took effect November 21, 2006. and expires at midnight on November 20, 2010.

11. Under Article 15 of the National Agreement, a grievance is defined as "a dispute, difference, disagreement or complaint between the parties related to wages, hours, and conditions of employment."

12. Under Article 15 of the National Agreement, the parties have agreed a three or four step grievance procedure leading to final and binding arbitration to resolve grievances arising under the National Agreement.

13. The grievance in this case is a "District Level Arbitration" case. The dispute in this case, which is being processed under grievance numbers E94C-1E-C 97022623 and E94C-1E-C 97031990, was presented to Arbitrator Joe H. Henderson for resolution at hearings in Phoenix, Arizona, on December 16, 2006 and January 31,

2007. Arbitrator Henderson issued an Award on March 26, 2007, finding that the Employer had violated the National Agreement. The Arbitrator retained jurisdiction over the dispute in order to issue an additional award on the issue of remedy if necessary.

14. The parties returned their dispute to Arbitrator Henderson for a hearing on the issue of remedy. That hearing was held on July 10, 2007, and Arbitrator Henderson issued an Award on the remedy on August 7, 2007. In his Award, Arbitrator Henderson retained jurisdiction over the case for 90 days "to assist the parties if called upon."

15. On or about September 21, 2007, the Union notified the Employer that it was requesting the Arbitrator to hold an additional hearing in regard to clarification of remedy that was awarded. The parties mutually agreed to re-schedule an additional hearing concerning the remedy.

16. A hearing on the issue of remedy was convened before Arbitrator Henderson on November 29, 2007. At that hearing the Union argued that the Arbitrator's August 7, 2007 award required clarification. The Employer contended that the Award was final and binding. Arbitrator Henderson then requested briefs from the parties on the question whether or not he still had jurisdiction to clarify or modify his award.

17. During the November 29, 2007, hearing, the Employer's representative informed Arbitrator Henderson that the Employer would be referring the parties' dispute to the national level under Article 15.5.B.5 of the National Agreement. On that same date, the Employer handed Arbitrator Henderson a letter from the Employer advising Arbitrator Henderson that the case "appears to contain a newly raised interpretive issue ...," that "the issue should be referred to headquarters for review pursuant to Article

15.5.B.5," and that "[t]he case must be held pending the outcome of the national interpretive dispute."

18. Arbitrator Henderson thereafter issued an Award stating that "the issue should be forwarded to Headquarters for review pursuant to Article 15.5B.5. The case must be held pending the outcome of the national interpretive dispute."

19. Pursuant to Article 15.5.B.5 of the National Agreement, the parties have entered a Memorandum of Understanding that establishes a timetable for the handling of arbitration cases that are referred to the national level. Under the parties' agreement, "[o]nce an issue is forwarded to the national level pursuant to Article 15.5.B.5, the appropriate national representative will have thirty (30) days from receipt of notification to make a make a determination as to whether or not to initiate a national level dispute." The Memorandum of Understanding also provides that, in accordance with the parties' pre-existing agreement on procedures under Article 15.5.B.5, if a dispute is not initiated at the national level, the case must be "returned directly to regional arbitration to be heard before the same arbitrator who was scheduled to hear the case at the time of referral to [the national level]."

20. The parties' Agreement on procedures also provides that

[t]his memorandum reflects the parties' desire to adjudicate cases as expeditiously as possible and to eliminate the need to file a grievance to remedy the terms of these provisions. Therefore, when either party establishes that a case has not been processed in accordance with this memorandum, it is agreed that these provisions will immediately be invoked and the case processed accordingly.

21. In a letter dated February 11, 2008, the Employer sought to initiate an

interpretive dispute regarding Arbitrator Henderson's authority to modify or clarify his award. The Employer did not initiate a dispute within thirty (30) days after the November 29, 2007, notification of the Employer's decision to refer the dispute to the national level, as required by the parties' agreement on procedures under Article 15.5.B.5 of the National Agreement.

22. Because the Employer failed to initiate a dispute at the national level in accordance with the parties' agreement, the National Agreement requires that the procedures for reinstating the case before Arbitrator Henderson be immediately invoked, without the need for a grievance to remedy the Employer's failure to follow the agreed procedures.

22. Notwithstanding the requirement that this case automatically be returned to the regional level for arbitration before Arbitrator Henderson, the Employer has failed and refused to return the case to Arbitrator Henderson for further proceedings.

23. The Petitioner has no adequate remedy at law for the violations of its collective bargaining agreement described in this Petition, inasmuch as Petitioner is entitled to have its dispute with the employer heard in arbitration before Arbitrator Joe H. Henderson. Petitioner is entitled to an Order requiring the Employer to return the parties' dispute to Arbitrator Henderson at the point in the proceedings where it was when the Employer notified the Union and the Arbitrator that the case would be referred to the national level.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner APWU prays that this Court issue a decision and order:

(1) Declaring that the Employer is required to submit the dispute between the parties in grievance numbers E94C-1E-C 97022623 and E94C-1E-C 97031990 to Arbitrator Joe H. Henderson for resolution;

(2) Ordering the Employer to submit the dispute between the parties in grievance numbers E94C-1E-C 97022623 and E94C-1E-C 97031990 to Arbitrator Joe H. Henderson for final and binding resolution;

(4) Awarding costs, expenses and attorney's fees to Petitioner; and

(5) Providing such other additional relief as is just and proper.

Dated 6/6/08          Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: _____
Darryl J. Anderson
DC Bar Number 154567
1300 L Street NW Suite 1200
Washington, DC 20005-4178
(202) 898-1707 FAX:(202) 682-9276

# CIVIL COVER SHEET

08-980 RBW

## I (a) PLAINTIFFS

American Postal Workers Union, AFL-CIO
1300 L Street, N.W.
Washington, D.C. 20005

1104

## DEFENDANTS

United States Postal Service
475 L'Enfant Plaza, S.W.
Washington, D.C. 20260

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Darryl J. Anderson
O'Donnell, Schwartz & Anderson, PC
1300 L Street N.W., Suite 1200
Washington, D.C. 20005-4126

Case: 1:08-cv-00980
Assigned To : Walton, Reggie B.
Assign. Date : 6/6/2008
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— d —

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊗ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☒ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Postal Reorganization Act, US Arbitration Act. Suit to compel arbitration and to expedite arbitration

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  6/6/08    SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.