UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-980 RWR<br>)<br>)<br>)<br>)<br>)<br>) |

ANSWER

Defendant United States Postal Service answers the petition to compel arbitration as follows:

Paragraph (¶) 1.  This paragraph is a characterization of this action, as to which no answer is required.  This civil action, which Plaintiff characterizes as a petition to compel Defendant to submit a dispute to final and binding arbitration, is in actuality a suit to improperly move a dispute from one step of the parties' grievance-arbitration procedure to a different step.

¶ 2.  It is admitted that the labor dispute in this case came before Arbitrator Joe H. Henderson, who issued a decision on March 26, 2007, and a final and binding decision resolving the grievance on August 7, 2007, in which he retained jurisdiction for 90 days to assist the parties if called upon.  The remaining allegations in this paragraph are denied.

¶ 3.  Denied.  Defendant followed the procedures required to submit the existing dispute to the national level, and it is properly at the national level.

¶ 4.  This paragraph describes the remedy Plaintiff is seeking, and no reply to it is required.  Arbitrator Henderson, as he has acknowledged, has no jurisdiction over this

matter while it is pending at the national level.

¶ 5. This paragraph is a statement of jurisdiction, as to which no response is required; it should be noted, however, that given the status of the arbitration proceeding, jurisdiction in this Court is not appropriate.

¶ 6. It is admitted that venue is proper in this Court.

¶ 7. Admitted.

¶ 8. Admitted.

¶ 9. It is admitted that under a collective bargaining agreement known by the parties as the "National Agreement," and applicable to the dispute underlying this action, Plaintiff is the exclusive bargaining representative for the following bargaining unit employees: Maintenance Employees, Motor Vehicle Employees, Postal Clerks, Mail Equipment Shops Employees, and Material Distribution Centers Employees.

¶ 10. It is admitted that the effective date of the current National Agreement is February 3, 2007, although some provisions were made retroactively effective to November 2006, and that the current National Agreement remains in effect until 12 midnight, November 20, 2010.

¶ 11. It is admitted that the first sentence of the definition of a grievance is quoted accurately in this paragraph. Defendant avers that the definition continues to state that "A grievance shall include, but is not limited to, the complaint of an employee or the Union which involves the interpretation, application of, or compliance with the provisions of this Agreement or any local Memorandum of Understanding not in conflict with this Agreement."

¶ 12. It is admitted that Article 15 of the National Agreement sets forth an agreed

upon three- or four-step grievance procedure which can lead to arbitration, and it is admitted that the parties have agreed that "[a]ll decisions of an arbitrator will be final and binding. All decisions of arbitrators shall be limited to the terms and provisions of this Agreement, and in no event may the terms and provisions of this agreement be altered, amended, or modified by an arbitrator."

¶ 13. It is admitted that grievance numbers E94C-1E-C 97022623 and E94C-1E-C 97031990 were combined and proceeded to a district-level arbitration hearing by Arbitrator Joe H. Henderson in Phoenix, Arizona, on December 16, 2006 and January 31, 2007, and it is further admitted that he issued an award on March 26, 2007, finding that defendant violated the National Agreement and that he remanded the matter back to the parties because he determined that he could not, from the information presented to him, make a specific determination as to the amount(s) to be awarded to plaintiff and its members.

¶ 14. It is admitted that Arbitrator Henderson conducted a hearing on the issue of remedy on July 10, 2007, that he issued a second award concerning remedy, on August 7, 2007, and that he "retain[ed] jurisdiction of this matter for 90 days to assist the parties if called upon."

¶ 15. Admitted.

¶ 16. The first sentence is admitted. The second and third sentences are admitted, although Defendant further avers that Plaintiff sought to reopen the record to submit additional evidence and to have Arbitrator Henderson change his award. Defendant lacks knowledge or information sufficient to form a belief about the truth of the fourth sentence.

¶ 17. Admitted.

¶ 18. Admitted.

¶ 19.  The first sentence is admitted.  The second sentence is denied; the quoted language does not appear in the referenced Memorandum of Understanding.  This language does, however, appear in a distinct Memorandum of Understanding that appears in the parties' National Agreement.

¶ 20.  Admitted.

¶ 21.  It is admitted that defendant initiated a Step-4 dispute over an interpretive issue on February 11, 2008.  Defendant avers that, in accordance with the National Agreement, the first referral to Headquarters, not having been acted upon within 30 days, returned to Arbitrator Henderson on December 29, 2007, in accordance with the language quoted in paragraph 20.  Defendant further avers that it made a second referral to Headquarters and that the February 11, 2008, Step- 4 interpretive dispute is timely.  The remaining allegations in paragraph 21 are denied.

¶ 22.  Denied; Defendant initiated a dispute at the national level in a timely fashion.

¶ 22 (second paragraph numbered 22).  Denied; the case automatically returned to Arbitrator Henderson on December 29, 2007, and a second referral to Headquarters was issued on February 1, 2008.

¶ 23.  Denied.  This matter is properly at Step 4 of the grievance-arbitration process, and Plaintiff is free to make all of its arguments at that step.  If Plaintiff is dissatisfied with Defendant's response at Step 4, it may appeal the case to National Arbitration.

The remainder of the complaint is plaintiff's request for relief, and defendant denies that plaintiff is entitled to any relief.

All allegations not expressly admitted or denied are denied.

WHEREFORE, Defendant requests this Court to deny Plaintiff all relief requested,

dismiss the complaint with prejudice, grant Defendant such other relief as the Court deems appropriate, and award Defendant the costs of this action.

                Respectfully submitted,

                JEFFREY A. TAYLOR, DC Bar#498610
                United States Attorney

                RUDOLPH CONTRERAS, DC Bar #434122
                Assistant United States Attorney
                        /s/
                FRED E. HAYNES, DC Bar #165654
                Assistant United States Attorney
                555 4th Street, N.W., Room E-4110
                Washington, D.C. 20530
                (202) 514-7201